**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAY 16 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR SANCHEZ-RIVERA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-2502 <br><br> Agency No. <br> A202-145-199 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2025[**]
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[***]

Petitioner Oscar Sanchez-Rivera, a native and citizen of El Salvador, petitions for review of an agency decision that denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

("CAT"). We have jurisdiction to consider that petition pursuant to 8 U.S.C. § 1252. Because the parties are familiar with the facts, we reference them only as necessary to explain our decision.

Where, as here, the Board of Immigration Appeals summarily affirms an immigration judge's ("IJ") decision and cites 8 C.F.R § 1003.1(e)(4), we review the IJ's decision as the final agency action. *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review the IJ's denials of asylum, withholding of removal, and CAT protection for substantial evidence, that is, whether the IJ's conclusions were supported by reasonable, substantial, and probative evidence, considering the record as a whole. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Applying that standard, we deny the petition.[1]

1. The IJ's denial of Petitioner's applications for asylum and withholding of removal was supported by substantial evidence. For both forms of relief, Petitioner must demonstrate "a nexus between [his] past harms or feared future harm and [his] statutorily protected characteristics." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). The IJ's conclusion that Petitioner could not carry his burden of establishing that nexus was supported by ample

---

[1] Respondent argues that Petitioner forfeited his claims as to some of the dispositive grounds reached by the IJ because he failed to articulate those claims in his opening brief. Because we conclude that the IJ's decision to deny Petitioner's applications for relief was supported by substantial evidence in any event, we decline to address any issues of forfeiture.

evidence in the record. In particular, the IJ concluded that the motivation for the gang members who accosted Petitioner was that his mobile fruit and vegetable cart "would be a perfect way to hide the packages" they directed him to deliver. This was supported, for example, by Petitioner's testimony that "the gang members told him that they could not make the delivery on their own" for fear of encountering rival gangs or law enforcement. In other words, it was the nature of Petitioner's particular business, and not his proposed protected status as a small business owner generally, that was the source of the harm he suffered.[2] Petitioner has failed to demonstrate that the record compels a contrary result. We accordingly deny the petition as to asylum and withholding of removal.

2. Substantial evidence supports the IJ's denial of CAT protection as well. "To establish entitlement to protection under CAT, an applicant must show it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (internal quotations omitted) (quoting 8 C.F.R. § 1208.16(c)(2)). The record supports the IJ's conclusion that Petitioner could not establish that likelihood. Petitioner's past encounters with the gang members were no doubt traumatic, but the IJ did not err in concluding that these did not rise to the level of torture, which

---

[2] Because the IJ's conclusion on this point was independently dispositive, we need not reach the question whether Petitioner's proposed social group of "Salvadoran men who are small business owners" was cognizable under the law.

is "an extreme form of cruel and inhuman treatment." 8 C.F.R. § 1208.18(a)(2); *see also Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022). And Petitioner's ability to relocate within El Salvador, as he had done once before, and the fact that he no longer owns and operates the business that caused the gang to target him in the first place, are additional factors on which the IJ permissibly relied in assessing the likelihood of future torture. *See Dawson v. Garland*, 998 F.3d 876, 884 (9th Cir. 2021). Again, Petitioner does not persuasively argue that the record compels a contrary conclusion.

**PETITION DENIED.**